## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
CASE NO. __3:21-cv-125-BJB_____

**KRISTIN M. HANSEN**                                             **PLAINTIFF,**

**VS.**                                              *ELECTRONICALLY FILED*

**SUMMITMEDIA, LLC DBA**
**SUMMITMEDIA LOUISVILLE, WQNU, Q103, AND**
**ANY AFFILIATE COMPANY CONTROLLING,**
**CONTROLLED BY, OR UNDER COMMON**
**CONTROL OF SUMMITMEDIA, LLC**
**SERVE:**        **Office of The Secretary Of State**
           **700 Capital Avenue, Ste. 86**
           **Frankfort, Ky 40601**

           **Registered Agent**
           **Corporation Service Company**
           **251 Little Falls Drive**
           **Wilmington, DE  19808**

           **Principal Office**
           **612 S. 4th Street**
           **Louisville Kentucky 40202**

           **Principal Office**
           **2700 Corporate Drive**
           **Suite 115**
           **Birmingham, Alabama 35242**

**AND**

**SM-WQNU, LLC DBA SUMMITMEDIA LOUISVILLE, Q103, WQNU**
**SERVE:**        **Registered Agent**
           **Corporation Service Company**
           **421 West Main Street**
           **Frankfort, KY 40601**

           **Principle Office**
           **2700 Corporate Drive**
           **Suite 115**
           **Birmingham, AL 35242**                      **DEFENDANTS.**

## COMPLAINT WITH JURY DEMAND

### INTRODUCTION

1.  Plaintiff **KRISTIN M. HANSEN** brings this action against Defendants **SUMMITMEDIA, LLC DBA SUMMITMEDIA LOUISVILLE, WQNU, Q103, AND ANY AFFILIATE COMPANY CONTROLLING, CONTROLLED BY, OR UNDER COMMON CONTROL OF SUMMITMEDIA, LLC**, and Defendants **SM-WQNU, LLC DBA SUMMIT MEDIA LOUISVILLE, Q103, WQNU** (Collectively "Defendants") challenging Defendants' conduct in terminating Plaintiff for failure to engage in religious speech, which she refused to do based on her closely held religious beliefs, and discriminating against Plaintiff with respect to her closely held religious beliefs despite her request for a reasonable accommodation, and in retaliating against Plaintiff because of her complaints about discriminatory treatment and request for religious accommodation.

2.  Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 *et seq*.; under the Kentucky Civil Rights Act, KRS § 344.450 *et seq*., and the common law of Kentucky, to redress injuries she has suffered as a result of Defendants' discriminatory and retaliatory actions.

### JURISDICTION AND VENUE

3.  On or about September 29, 2020, Plaintiff filed a charge of discrimination with the EEOC through the Kentucky Commission on Human Rights (collectively "EEOC"). Plaintiff proffered a charge with the EEOC which included a religion discrimination claim and retaliation claim. The EEOC issued a right to sue notice on November 30, 2020. Therefore, Plaintiff has exhausted her administrative remedies.

2

4.   This Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1331, 1343(a)(3) and (4), and 42 U.S.C. § 2000e-5.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Venue in this district is proper under 28 U.S.C. § 1391 in that a substantial part of the events, acts and omissions giving rise to Plaintiff's claims occurred in this district, and Defendants may be found in this district. Kentucky's Long Arm Statute, KRS § 454.210, provides for personal jurisdiction over Defendant **SUMMIT**.

## THE PARTIES

5.   At all relevant times, Plaintiff **KRISTIN M. HANSEN**, a female, was employed by Defendants as a radio DJ by Defendants **SUMMITMEDIA, LLC DBA SUMMITMEDIA LOUISVILLE, WQNU, Q103,** and/or Defendants **SM-WQNU, LLC DBA SUMMIT MEDIA LOUISVILLE, Q103, WQNU** (Collectively "Defendants")**,** in and around Louisville, Jefferson County, Kentucky.

6.   Defendant **SUMMITMEDIA, LLC DBA SUMMITMEDIA LOUISVILLE, WQNU, Q103, AND ANY AFFILIATE COMPANY CONTROLLING, CONTROLLED BY, OR UNDER COMMON CONTROL OF SUMMITMEDIA, LLC** ("Summit") is a Delaware Corporation organized and operating under the laws of the State of Delaware, and is or may be the parent company of **SM-WQNU, LLC DBA SUMMIT MEDIA LOUISVILLE, Q103, WQNU,** with its principal place of business located in Birmingham, Alabama and/or Louisville, Kentucky (both listed above), and Delaware Registered Agent (listed above).  At all relevant times, Defendant employed more than 45 employees in commerce for at least 1250 hours for each employee for the 12 months preceding the filing of the Charge of Discrimination. At all times relevant hereto, Defendant **SUMMIT** was an employer within the meaning of 42 U.S.C. § 2000e-5 *et seq.*, and KRS § 344.450 and applicable state and federal

wage and hour laws. On information and belief, Defendant **SUMMIT** does not appear to be registered to do business in the Commonwealth of Kentucky, but is subject to Kentucky's Long Arm Statute, KRS § 454.210, and service upon the Kentucky Secretary of State is sufficient for service under that statute for Defendant **SUMMIT** (as listed above).

7.     Defendant **SM-WQNU, LLC DBA SUMMIT MEDIA LOUISVILLE, Q103, WQNU** (WQNU) is a Kentucky Limited Liability Company organized and operating under the laws of the Commonwealth of Kentucky, with its principal place of business located in Birmingham, Alabama and/or Louisville, Kentucky (both listed above), and Kentucky Registered Agent (listed above), and is or may be a subsidiary wholly owned by Summit, and/or there is a corporate identity maintained by both, such that one is controlled by the other.  At all relevant times, Defendants employed more than 45 employees in commerce for at least 1250 hours for each employee for the 12 months preceding the filing of the Charge of Discrimination.  Upon information and belief, Defendants are dual employers. At all times relevant hereto, Defendant WQNU was an employer within the meaning of 42 U.S.C. § 2000e-5 *et seq.*, and KRS § 344.450 and applicable state and federal wage and hour laws.

## FACTUAL ALLEGATIONS

8.     On or about May 2019, Plaintiff was hired by Defendants as a radio DJ to work for Defendants.

9.     Plaintiff remained continuously employed with Defendants from May 2019 until her termination on or about December 17, 2019.  During her employment, Plaintiff properly performed all duties assigned to her by Defendants and complied with all of Defendants' reasonable rules and regulations and maintain ratings consistent with the Defendants expectations.

10.  On or about October 7, 2019, Plaintiff began hosting the morning show as the radio DJ called Q103 Mornings. Prior to her taking over, the prior DJ had played the Pledge of Allegiance, which contained the phrase 'under God' in the pledge. Plaintiff had a sincere belief that 'under God' was a religious phrase that Plaintiff did not believe in. As part of a reasonable accommodation, Plaintiff did a 'Service Shout Out' to recognize military service members from the community. After initiating the "Service Shout Out", Plaintiff received no complaints from her listening audience and was able to maintain the show's ratings at a level consistent with her predecessor.

11.  On or about November 27, 2019, Lee Cagle, Plaintiff's supervisor, stated that the corporate office of Defendants required Plaintiff to put the Pledge of Allegiance back starting Monday, December 2, 2019. Plaintiff told Cagle that Plaintiff was extremely uncomfortable with that decision based on her sincerely held religious belief, or lack of religious belief. Plaintiff said that she would have stayed on in the afternoons had she known of that requirement, and requested a reasonable accommodation to return to the afternoon show where she would not have to play the Pledge of Allegiance containing the phrase 'under God' during that show slot.

12.  On or about December 2, 2019, Plaintiff emailed Defendants asking again for an accommodation based on her sincerely held belief that she did not want to express a religious statement such as this as part of her job. She stated that she believed requiring her to recite or play the Pledge each morning constituted religious discrimination.  She repeated her request to be permitted to continue opening her show with the Service Shout Out in place of the Pledge of Allegiance.

13.  Rather than granting Plaintiff a reasonable accommodation, Defendants retaliated against Plaintiff by wrongfully terminating her employment on December 17, 2019, because she would

not engage in a practice that went against her religious beliefs and because she would not conform to the religious demands of her employer.

14.   Defendants did this in direct retaliation for Plaintiff's complaints of being forced to engage in religious speech and her requests for a reasonable accommodation.

15.   Defendants were aware of Plaintiff's complaints of religious discrimination and, on information and belief, made the decision to terminate Plaintiff based on her complaints of religious discrimination, her requests for reasonable accommodation, and/or her refusal to play the Pledge of the Allegiance based on religious grounds.

16.   On or about September 29, 2020, Plaintiff filed her Charge of religious discrimination and retaliation with the EEOC, asserting that Defendants acts of religious discrimination and lack of accommodation, and acts of retaliation violated her rights under Title VII, as described above.

17.   Defendants **Summit** and **WNQU** shared the same officers, employees, office space, website, and services, so much so that the two companies, for practical purposes, often operated as if they were one in the same, thus becoming dual employers of Plaintiff during the relevant time period.

18.   At all times stated above, Defendants were motivated by Plaintiff's religious objections to playing the Pledge, her requests for reasonable accommodation and complaints of discrimination subjecting Plaintiff to the disparate treatment and retaliation described above and in ultimately terminating Plaintiff's employment

19.   As a direct and proximate result of the discriminatory, retaliatory and unlawful treatment described above, Plaintiff has suffered lost wages and benefits and has additionally suffered

serious emotional distress.  Plaintiff will continue to suffer such injuries and damages in the future, all to her damage in an amount to be determined by the evidence at trial.

20.  The Defendants' conduct as described above was intentional, occurred in willful, wanton and malicious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

### COUNT I – 42 U.S.C. § 2000e-2 *et seq.*
### (Religious Discrimination and Retaliation)

21.  Plaintiff incorporates by reference all allegations set out above.

22.  Defendants' conduct as described above constitutes religious discrimination and retaliation, creating and condoning the maintenance of a hostile work environment in violation of Plaintiff's rights as protected by 42 U.S.C. §2000e-2 *et seq.*

23.  Defendants' motivation for the retaliation was based on Plaintiff's complaints of discrimination and request of a reasonable accommodation. Plaintiff's complaints of discrimination were the cause of the retaliatory conduct and actions of Defendants, in that the Defendants would not have retaliated absent Plaintiff's complaints of discrimination.

24.  In addition, the conduct of Defendants in retaliating against Plaintiff because of her complaints of discrimination violated rights as protected by 42 U.S.C. §2000e-2 *et seq.*,

25.  As a direct and proximate result of the discriminatory, retaliatory and unlawful treatment described above, Plaintiff has suffered lost wages and benefits and has additionally suffered serious emotional distress.  Plaintiff will continue to suffer such injuries and damages in the future, all to her damage in an amount to be determined by the evidence at trial.

26.  The Defendants' conduct as described above was intentional, occurred in willful, wanton and malicious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

### COUNT II – KRS § 344.450

27.  Plaintiff incorporates by reference all allegations set out above.

28. Defendants' conduct as described above constitutes religious discrimination, creating and condoning the maintenance of a hostile work environment in violation of Plaintiff's rights as protected by KRS 344.040, *et seq*., giving rise to Plaintiff's claims under KRS 344.450.

29. In addition, the conduct of all Defendants in retaliating against Plaintiff for her complaints of religious discrimination violated Plaintiff's rights as protected by KRS 344.450 *et seq.*

30. As a direct and proximate result of the discriminatory, retaliatory and unlawful treatment described above, Plaintiff has suffered lost wages and benefits and has additionally suffered serious emotional distress.  Plaintiff will continue to suffer such injuries and damages in the future, all to her damage in an amount to be determined by the evidence at trial.

## COUNT III – PUNITIVE DAMAGES

31. Plaintiff incorporates by reference all allegations set out above.

32. Defendants' conduct was intentional and occurred in malicious and wanton disregard of Plaintiff's rights as described above, thus entitling Plaintiff to an award of punitive damages in an amount to be determined by the evidence at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following:

1. Judgment for Plaintiff on all counts, with damage awards for all relief requested;

2. An award of compensatory damages, actual and consequential, including but not limited to emotional distress, damage to reputation, loss of income/lost wages, loss of future income, and other damages that may become apparent;

3. An award of attorney fees and costs pursuant to statute;

4. Pre and post judgment interest;

5. Punitive damages;

8

6. A trial by jury; and

7. All other relief to which Plaintiff may be entitled.

Respectfully submitted,

**/s/ Benjamin T. D. Pugh**
BENJAMIN T.D. PUGH (KY 94032)(OH 0086781)
CHRISTOPHER D. ROACH (KY 95007)
PUGH & ROACH, ATTORNEYS AT LAW, PLLC
28 West Fifth Street
Covington, KY 41011
Tel: (859) 291-5555
Fax: (859) 287-2600
Email: tom@prlaw.legal; chris@prlaw.legal
ATTORNEYS FOR PLAINTIFF

**/S/ MICHAEL O'HARA**
MICHAEL O'HARA (KY 52530) (OH 0014966)
O'HARA, TAYLOR, SLOAN & CASSIDY
25 Town Center Boulevard, Suite 201
Covington, Kentucky   41017
(859) 331-2000
Fax: (859) 578.3365
mohara@oharataylor.com
ATTORNEYS FOR PLAINTIFF